UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re: | Case No. 03-32063 |
| TERRY MANUFACTURING COMPANY, INC. | Chapter 7 |
| Debtor. | |
| In re: | Case No. 03-32213 |
| TERRY UNIFORM COMPANY, LLC, | Chapter 7 |
| Debtor. | |
| J. LESTER ALEXANDER III, TRUSTEE OF TERRY MANUFACTURING COMPANY, INC. AND TERRY UNIFORM COMPANY, LLC | |
| Plaintiff, | Adv. Pro. No. 04-3069-WRS |
| v. | |
| CARLCRAFT KNIT SALES, INC., | |
| Defendant. | |

**MEMORANDUM DECISION**

This Adversary Proceeding is before the Court upon the summary judgment motion of the Plaintiff and Trustee of Terry Manufacturing Company, Inc. ("Terry Manufacturing") and Terry Uniform Company, LLC ("Terry Uniform"), J. Lester Alexander, III, ("Trustee")[1]. The Court

---

[1] Throughout this memorandum, the Court may also refer to the Trustee as "Plaintiff."

has considered the briefs and memoranda submitted by both parties. (Docs. 14, 18, 19). For the reasons set forth below, the summary judgment motion of the Trustee partially GRANTED with respect to the prima case of this avoidance action and partially DENIED with respect to the statutory defenses asserted by Calrcraft Knit Sales, Inc. ("Carlcraft").

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 LED. 2d 202 (1986); Hail v. Regency Terrace Owners Association, 782 So.2d 1271, 1273 (Ala. 2000). To avoid an adverse ruling on a motion for summary judgment, "the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v. Ram Industries, Inc., 64 F.Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).

The Trustee has initiated this Adversary Proceeding in an attempt to recover the following payments that were made by Terry Manufacturing to Carlcraft. The payments in question occurred approximately on the following dates and in the following amounts:

2

$10,624.50 on May 1, 2003;

$10,692.13 on May 16, 2003;

$5,292.50 on May 31, 2003;

$4,408.00 on June 23, 2003.

The Trustee is alleging that these payments, totaling $31,017.13, are avoidable preferential transfers pursuant to 11 U.S.C § 547(b). Section 547(b) reads as follows:

> (b) Except as provided in subsection (c) of this section, the trustee may
>     avoid any transfer of an interest of the debtor in property-
>        (1) to or for the benefit of a creditor;
>        (2) for or on account of an antecedent debt owed by the debtor before such
>            transfer was made;
>        (3) made while the debtor was insolvent;
>        (4) made-
>              (A) on or within 90 days before the date of the filing of the
>                  petition; or
>              (B) between ninety days and one year before the date of the filing
>                  of the petition, if such creditor at the time of such transfer was
>                  an insider; and
>        (5) that enables such creditor to receive more than such creditor would
>            receive if-
>        (A) the case were a case under chapter 7 of this title;
>        (B) the transfer had not been made; and
>        (C) such creditor received payment of such debt to the extent provided by
>            the provisions of this title.

11 U.S.C. § 547(b). Carlcraft has raised three statutory defenses to the avoidance action initiated by the Trustee, specifically those provided by §§§ 547(c)(1), (c)(2) and (c)(4), commonly referred to as the "contemporaneous exchange, "ordinary course," and the "new value" defenses.[2]

---

[2] The court notes that in its Memorandum Brief in Opposition to Trustee's Motion for Summary Judgment, Carlcraft only addresses the affirmative defenses provided by §§ 547(c)(2) and (c)(4).

3

Here, there is no dispute that the payments in question were paid to Carlcraft for its benefit. Carlcraft is a creditor of Terry Manufacturing by virtue of the Proof of Claim it filed. Also, there is no question that the payments were on account of antecedent debt. The Trustee is entitled to a presumption of insolvency provided by § 547(f). In re Jotan, Inc., 264 B.R. 735, 749 (Bankr. M.D. Fla. 2001). If Carlcraft comes forward with evidence sufficient to rebut the statutory presumption of insolvency, then the Trustee must prove insolvency at the time of the alleged preferential transfer by a preponderance of the evidence. Mere speculative evidence is not enough to rebut the presumption of insolvency. Gasmark Limited Liquidating Trust v. Louis Dreyfus Natural Gas Corp., 158 F.3d 312, 315 (5th Cir. 1998). In this case, the presumption is bolstered by the affidavit of the Trustee asserting that by its analysis, liabilities of Terry Manufacturing exceeded the value of its assets by an excess of § $15,000,000.00. (Doc. 14). Carlcraft contends that it is not able to challenge the assertions of the Trustee because of a lack of documentary support on the part of the Trustee. Carlcraft's contention is not sufficient to rebut the presumption of insolvency provided by § 547(f). The Defendant has not come forward with any evidence showing Terry Manufacturing's solvency at the time of the alleged preferential transfers. Because of this, the Trustee is entitled to the presumption, and consequently this element of the prima facie case has been satisfied. There is no dispute here that each of the alleged transfers occurred within the ninety (90) day preference period as required by § 547(b)(4)(A)[3]. Also, the payments here allowed Carlcraft to receive more than it would have received if the case had been under chapter 7 of this title, the transfer had not been made, and if Carlcraft received payments as provided by the Bankruptcy Code. The Court finds that there are no genuine issues of material fact with respect to

---

[3] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003. (Case No. 03-32063, Doc. 1). Terry Uniform filed a voluntary Chapter 11 petition on July 22, 2003. (Case No. 03-32213, Doc. 1).

this last element of a preference. Here, Carlcraft is an unsecured creditor. The Trustee has asserted that whatever the distribution, it will represent a significantly smaller recovery than the payments received by Carlcraft. (Doc. 14). Because the Court finds that the elements of § 547(b) have been satisfied, the Plaintiff's Motion for Summary Judgment is GRANTED in part with respect to the prima facie case.

However, genuine issues of material fact exists in this avoidance action as to whether the defenses raised by Carlcraft are applicable. With respect to the application of § 547(c)(2), it must be determined whether the terms of payment during the preference period can be considered ordinary as between Carlcraft and Terry Manufacturing. Similarly, with respect to § 547(c)(4), genuine issues of material fact exists as to amount, if any, of preferential payment entitled to be set off. For these reasons, the Trustee's motion for summary judgement is GRANTED in part with respect to the prima facie case as provided by § 547(b), and is DENIED in part with respect to the statutory defenses asserted by Carlcraft.

Done this 31st day of January, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere,
   Katherine M. Determan, Attorneys for Plaintiff
   Leonard N. Math, Attorney for Carlcraft
   J. Lester Alexander, III, Trustee
   Debtors
   Teresa Jacobs, Bankruptcy Administratory